# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| DEVIN HAWKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 3:10-CV-328-PPS-CAN |
| v. | ) |
| | ) |
| LaPORTE REGIONAL HEALTH SYSTEMS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on a motion to dismiss, under Rule 12(b)(6), filed by defendant LaPorte Regional Health Systems [DE 6]. For the following reasons, the motion is **GRANTED**.

## BACKGROUND

Hawkins, who is African American, began working for LaPorte as a surgical technician in October 2006, and was terminated a few months later, in February 2007 [DE 1-2 at 1]. On June 5, 2007, Hawkins filed a discrimination charge with the Equal Employment Opportunity Commission, claiming that he had been discriminated against on the basis of his race and gender [*Id.*]. On November 27, 2007, the EEOC sent Hawkins a right-to-sue letter [DE 1-1], which Hawkins alleges he received on or about December 5, 2007 [DE 1 at 2]. Nearly three years later, on August 11, 2010, Hawkins filed with this Court a *pro se* complaint under Title VII, incorporating the discrimination allegations in his EEOC charge [DE 1].

LaPorte has moved to dismiss this case under Rule 12(b)(6), arguing that Hawkins' claim is barred as untimely because he filed suit more than 90 days after he received the EEOC's right-to-sue letter [DE 6].

**DISCUSSION**

Rule 12(b)(6) allows dismissal where a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While a complaint does not need detailed factual allegations to survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). Additionally, a "copy of a written instrument that is an exhibit to a pleading," such as the right-to-sue letter that Hawkins attaches to his complaint, "is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

Although a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," a *pro se* complainant "can plead himself out of court." *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *see also McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006) ("if the plaintiff chooses to provide additional facts, beyond the short and plain statement requirement, the plaintiff cannot prevent the defense from suggesting that those same facts demonstrate the plaintiff is not entitled to relief.").

Here, the procedural requirements of Title VII govern whether Hawkins can survive LaPorte's motion. A complaint alleging violations of Title VII must be filed no more than 90 days after the plaintiff receives a right-to-sue letter from the EEOC, otherwise the suit is time-barred. 42 U.S.C. § 2000e-5(f)(1); *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849-50 (7th Cir. 2001). This deadline is not a flexible guideline, even for *pro se* litigants like Hawkins, and even a one-day delay is fatal. *Dandy v. United Parcel Service*, 388 F.3d 263, 270 (7th Cir. 2004); *Davis v. Browner*, 113 F. Supp. 2d 1223, 1226 (N.D. Ill. 2000); *Wilson v. Doctors Hospital of Hyde Park*,

909 F. Supp. 580, 581 (N.D. Ill. 1996).

The 90-day deadline, however, is not a jurisdictional requirement. *Zipes v. Trans World Airlines, Inc*., 455 U.S. 385, 393 (1982); *Williams-Guice v. Bd. of Educ. of City of Chicago*, 45 F.3d 161, 165 (7th Cir. 1995). Instead, it is a condition precedent, which, like a statute of limitations requirement, is subject to equitable modification. *See Perkins v. Silverstein,* 939 F.2d 463, 469-70 (7th Cir. 1991).

Unfortunately for Hawkins, his allegations and the right-to-sue letter he attaches to the complaint, show that his suit is untimely. Hawkins' August 11, 2010 complaint was filed well over two years after he received the November 27, 2007 right-to-sue letter. And Hawkins does not provide a defense that would excuse his tardiness; nor can the Court imagine what such an excuse might be. Accordingly, Hawkins' claim is untimely, and must be dismissed.

## CONCLUSION

For the foregoing reasons, the motion to dismiss filed by defendant LaPorte Regional Health Systems [DE 6] is **GRANTED**. This case is **DISMISSED WITH PREJUDICE** as time-barred.

**SO ORDERED**.

ENTERED: November 12, 2010

                                            /s/ Philip P. Simon
                                            PHILIP P. SIMON, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT